UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LAUREN BARBER, KATE HUME, and CATHERINE BAUM, on behalf of themselves and a class of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS HEALTH, a Washington Nonprofit Corporation,<br><br>Defendant. | No.<br><br>COLLECTIVE ACTION COMPLAINT FOR DAMAGES<br><br>JURY TRIAL REQUESTED |

Plaintiffs, individually and on behalf of all others similarly situated ("the Class" or "Class Members"), allege as follows.

## I.  INTRODUCTION

1.1   This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Washington wage statutes, RCW 49.46.090, 49.52.050 for Defendant's failure to pay overtime and failure to pay for off-the-clock hours to Plaintiffs and other similarly situated employees. Plaintiffs also bring claims under the Washington Consumer Protection Act for falsely representing that its employees would be paid for all hours worked, for misrepresenting the amount of overtime and other wages owed to Plaintiffs, and for concealing and misrepresenting facts to induce Plaintiffs into signing unenforceable Release and Settlement Agreements in connection with their claims for unpaid wages and liquidated damages.

COMPLAINT - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

1.2     This lawsuit also arises under RCW 49.12.480 because Compass Health maintains a workplace culture in Washington that encourages employees to skip work breaks. There is no system in place at Compass Health to ensure that Nurse Practitioners receive their breaks. Defendant understaffs its facilities and overschedules patients, making it virtually impossible for the dedicated nursing staff to abandon the care of their patients and take their uninterrupted meal and rest breaks.

1.3     Plaintiffs bring their federal claim as a representative action under 29 U.S.C. § 216(b) and bring supplemental state law claims. A copy of each Plaintiff's consent form to act as a representative Plaintiff is attached hereto as **Exhibit A**.

## II.     PARTIES

2.1     At all relevant times hereto, Plaintiff Lauren Barber was an employee of Defendant's as defined by § 3e(1) of the FLSA, 29 U.S.C. § 203e(1). Plaintiff Barber resides in and is domiciled within this judicial district.

2.2     At all relevant times hereto, Plaintiff Kate Hume was an employee of Defendant's as defined by § 3e(1) of the FLSA, 29 U.S.C. § 203e(1). Plaintiff Hume resides in and is domiciled within this judicial district.

2.3     At all relevant times hereto, Plaintiff Catherine Baum was an employee of Defendant's as defined by § 3e(1) of the FLSA, 29 U.S.C. § 203e(1). Plaintiff Baum resides in and is domiciled within this judicial district.

2.4     Defendant Compass Health (hereinafter referred to as "Compass") is a nonprofit corporation organized under the laws of the State of Washington, with its principal place of business in Everett, Washington, within this judicial district. Defendant Compass is an enterprise defined in Section 3(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), in the Defendant Compass's employees are engaged in interstate commerce and its annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

COMPLAINT - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

2.5     Plaintiffs were Defendant's employees and Defendant was Plaintiffs' employer as those terms are defined under the FLSA and the Washington wage statutes.

### III.     JURISDICTION AND VENUE

3.1     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 rising under 29 U.S.C. § 216(b).  Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

### IV.     FACTS

**A. Failure to Pay Overtime and Proper Overtime Wages**

4.1     Plaintiff Barber has been employed by the defendant as an hourly, nonexempt Nurse Practitioner, since on or about September 2016. Ms. Barber's employment with Compass Health ended on or about April of 2022.

4.2     Plaintiff Hume has been employed by the defendant as an hourly, nonexempt Nurse Practitioner, since on or about June of 2019.  Ms. Hume's employment with Compass Health ended on or about April of 2021.

4.3     Plaintiff Baum has been employed by the defendant as an hourly, nonexempt Nurse Practitioner, since on or about July of 2015. Plaintiff Baum remains employed by Compass.

4.4     At or about the start of her employment, each of the Plaintiffs was instructed by her supervisor not to record overtime worked on her weekly timecards.

4.5     Throughout their employment with Defendant, each of the Plaintiffs and members of the Plaintiff class regularly worked in excess of forty hours in a workweek.

4.6     Defendant was aware that the Plaintiffs and members of the Plaintiff class regularly worked in excess of forty hours in a workweek and suffered and permitted the Plaintiffs to do so.

COMPLAINT - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

4.7     Defendant failed to pay the Plaintiffs and members of the Plaintiff class overtime at the rate of time-and-one-half of her regularly hourly rate and failed to even pay Plaintiffs straight time for off the clock hours worked.

4.8     As to Plaintiff Baum, since approximately May 1, 2021, Defendant has failed to pay her 4-hours of straight time work and overtime at the rate of time-and-one-half of her regular hours above the 40-hour work week.

4.9     Since on or about May 1, 2021 to present, Plaintiff Baum has been scheduled for a 36-hour work week. Plaintiff Baum regularly works 40-hours a week or more. If Plaintiff Baum placed any overtime on her electronic timecard, Defendant would change her timecard to read 36 hours. Defendant would pay Plaintiff Baum for 36 hours, and then add the additional hours worked as straight time into her available vacation hours. Therefore, instead of paying straight time up to 40-hours and overtime beyond the 40-hours, Defendant would reimburse Plaintiff Baum with straight-time vacation hours.

4.10    The Defendant's actions in failing to pay overtime to Plaintiffs and members of the Plaintiff class were willful.

4.11    In February of 2021, Dr. Camis Milam notified the Defendant's Executive Team that it was violating the law and that its Nurse Practitioners were not being paid for all hours worked. Upon information and belief, Defendant, through its agents, knew or reasonably should have known this fact for years prior to February of 2021.

4.12    Five months later, on or about July 27, 2021, Defendant notified only some Plaintiffs that it had conducted a "wage and hour inquiry" for only a one-year period from July 1, 2020 through March 12, 2021, and determined that Compass had been violating the law by not paying each of the Plaintiffs for her off-the-clock work and/or overtime. Defendant notified Ms. Baum on or around June 21, 2021 about the "wage and hour inquiry." Ms. Baum's pay period was only a two-year pay period for April 1, 2019 to April 1, 2021.

4.13    Upon information and belief, Defendant was aware that it had been similarly violating the law for the three years prior to July 27, 2021.

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

4.14 At the time that it notified the Plaintiffs of the above, Defendant proposed to pay each Plaintiff and member of the Plaintiff class an amount of money that it knew was well less than it owed each of the Plaintiffs for straight and overtime wages and for liquidated damages.

4.15 With knowledge that it had been willfully violating the FLSA, Defendant required most, but not all, of the Plaintiffs to sign what it entitled a "Settlement Agreement and Release of Claims" (hereinafter "Release") in order to accept the partial back wage check.

4.16 Plaintiffs Barber and Hume signed the Release. Plaintiff Baum did not. Yet all three were given checks purporting to be their retroactive earned wages.

4.17 Upon information and belief, Defendant Compass knew or reasonably should have known that an employee cannot release and waive claims under the FLSA unless the release and waiver is supervised by the Department of Labor or is contained in a Court supervised settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

4.18 The intent, purpose and effect of the Defendant's action in requiring the Plaintiffs to sign an unenforceable Release was to induce each Plaintiff to refrain from pursing his or her wage claims while the statute of limitations continued to run.

4.19 The Release contained false statements of material fact and failed to disclose material facts to the Plaintiffs.

4.20 The payments made to each of the Plaintiffs and members of the Plaintiff class did not compensate each Plaintiff for the total wages due and owing or for the liquidated damages to which they were entitled as a matter of law.

**B. Failure to Provide Statutory Breaks**

4.21 Compass Health understaffs its facilities and overschedules patients. Plaintiffs cannot abandon the care of their patients and take their lawful meal and rest breaks.

4.22 Compass Health maintains no system to ensure that Nurse Practitioners receive their breaks. Compass Health maintains no system to ensure that Nurse Practitioners who miss their breaks are able to record the missed break.

COMPLAINT - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

4.23 Throughout their employment, Plaintiffs were routinely required to work without an uninterrupted meal or rest break. When Plaintiffs did get a break, they were required to work while on that break.

4.24 Plaintiffs' typical day consisted of patient appointments scheduled back-to-back with countless intakes also scheduled on top of patient appointments. In a community healthcare setting, it is anticipated that a number of patients will "no show" and miss their appointment. However, given the number of patients and intakes, Plaintiffs' schedules remained overflowing. Plaintiffs were unable to take rest breaks or lunch breaks.

4.25 Compass Health required a 24-hour window period to complete patient charting and notes. Plaintiffs were unable to take breaks during the day and often worked hours early in the morning before their scheduled shift or late into the evening after their shift had ended to complete the mandatory charting requirement.

4.26 Plaintiffs routinely worked four consecutive hours without a meal or rest break. Plaintiffs contacted their supervisor, Barb McFadden, and requested their breaks. Ms. McFadden stated that they needed to mark their timesheets as having taken a break and/or lunch even if they were unable to take a break and/or lunch.

## V. COLLECTIVE ACTION ALLEGATIONS

5.1 Defendant Compass has engaged in a common course of instructing Plaintiffs and Class members to work off-the-clock and to not record those hours and then failing to pay Plaintiffs for all hours worked at either straight time or time-and-one-half for hours in excess of forty in a work week.

5.2 Named Plaintiffs bring this action as a representative of other similarly situated Nurse Practitioners employed by Compass within the statute of limitations period who were instructed or allowed to work off-the-clock and were not paid for all hours worked and who were not paid overtime, liquidated damages and interest to which they are entitled.

COMPLAINT - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

## VI. EQUITABLE TOLLING

6.1 Defendant, through its agents, omitted material facts and misrepresented facts to each of the Plaintiffs in connection with the presentation of its wage and hour inquiry and its alleged Release and Settlement Agreement.

6.2 Plaintiffs had been pursuing their rights diligently.

6.3 The Defendant's actions were intended to and did induce the Plaintiffs to refrain from pursuing their legal remedies.

6.4 As a result of the Defendant's dilatory actions, the statute of limitations applicable to Plaintiff's wage claims should be tolled from July 27, 2021 to the present.

## VII. CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF - VIOLATION OF THE FAIR LABOR STANDARDS ACT**

7.1 Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate the same herein by reference as if those paragraphs were set forth in full herein.

7.2 During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

7.3 During Plaintiffs' employment by Defendant, Plaintiffs were directed to work and did so work, in excess of forty (40) hours per week.

7.4 Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

7.5 Defendant did not compensate Plaintiffs at the rate of one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) in individual work weeks.

7.6 Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

COMPLAINT - 7

pi088901

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

7.7   Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

7.8   Other similarly situated employees have likewise performed non-exempt work for Defendant, but Defendant has willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

**SECOND CLAIM FOR RELIEF – VIOLATION OF THE RCW 49.46.090 – PAYMENT OF WAGES LESS THAN ENTITLED**

7.9   Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporates the same herein by reference as if those paragraphs were set forth in full herein.

7.10   RCW 49.46.090 provides that "[a]ny employer who pays any employee less than wages to which such employee is entitled under or by virtue of [the Minimum Wage Act], shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

7.11   By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090, and 49.46.130 by failing to pay wages to Plaintiffs and Class Members for work performed off-the-clock.

7.12   As a result of these unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

**THIRD CLAIM FOR RELIEF – VIOLATION OF THE RCW 49.52.050 – WILLFUL FAILURE TO PAY WAGES**

7.13   Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporates the same herein by reference as if those paragraphs were set forth in full herein.

7.14   RCW 49.52.050 provides that any employer or agent of any employer who

COMPLAINT - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

"[w]illfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

7.15   Defendant's violations of RCW 49.12.020, WAC 296-126-092, and RCW 49.46.090, as discussed above, were willful and constitute violations of RCW 49.52.050.

7.16   RCW 49.52.070 provides that any employer who violates the provision of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

7.17   As a result of the willful, unlawful acts of Defendant Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and, under 49.52.070, Plaintiffs and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF – VIOLATION OF THE WAGE REBATE ACT**

7.18   Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate the same herein by reference as if those paragraphs were set forth in full herein.

7.19   The Defendant has willfully failed to pay each of the Plaintiffs and opt-in Plaintiffs the wages earned by him and her, including overtime wages at time and one-half for all hours worked in excess of forty (40) hours in a workweek, in violation of RCW 49.46.130.

7.20   In violation of the Wage Rebate Act, pursuant to RCW 49.52.050(1)-(2) and pursuant to RCW 49.52.070 the Defendants is liable to each of the Plaintiffs for twice the amount of the wages unlawfully rebated or withheld, together with the costs of this suit and Plaintiffs' reasonable attorney's fees.

**FIFTH CLAIM FOR RELIEF – VIOLATION OF THE CONSUMER PROTECTION ACT**

7.21   Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate the same herein by reference as if those paragraphs were set forth in full herein.

COMPLAINT - 9

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

7.22 Defendant represented to Plaintiff, Class Members, and the public that its employees would be paid for all work they did in accordance with state and federal law. Defendant advertised employment opportunities that contained false representations about wages and benefits and that Defendant would pay its employees at a certain rate.

7.23 Plaintiff and Class Members relied on this representation when applying for employment.

7.24 Defendant failed to pay the wages and benefits that it advertised. Defendant did not compensate Plaintiffs and Class Members at the rate of one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) in individual work weeks. Defendant willfully refused to pay these wages.

7.25 In addition, Defendants committed a deceptive act and/or practice by misrepresenting to the Plaintiffs and others the amounts of earned wages unlawfully withheld, the time period that such unlawful withholding took place and by misrepresenting the enforceability of Settlement and Release Agreements presented to its employees to induce them to refrain from pursing their legal remedies.

7.26 Defendant committed a deceptive act and/or practice in the conduct of trade or commerce that affects the public interest in violation of RCW 19.86, *et seq*.

7.27 Defendant's wage and hour policies injured Plaintiffs and Class Members.

7.28 In violation of the Washington Consumer Protection Act, pursuant to RCW 49.86.090, the Defendants is liable to each of the Plaintiffs for actual damages, and up to treble damages, together with the costs of this suit and Plaintiffs' reasonable attorney's fees.

**SIXTH CLAIM FOR RELIEF – VIOLATION OF THE RCW 49.12.480 - MEAL AND REST BREAKS FOR HEALTH CARE FACILITY EMPLOYEES**

7.29 RCW 49.12.480(1) provides that "An employer shall provide employees with meal and rest periods as required by law."

7.30 Defendant failed to provide uninterrupted meal and rest breaks required under RCW 49.12.480(1)(a)-(c).

COMPLAINT - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

7.31   Defendant failed to give Plaintiffs an additional ten minute uninterrupted rest break at the earliest reasonable time during the work period during which the employee is required to receive a rest period when Plaintiffs' break was interrupted before ten complete minutes. *See* RCW 49.12.480(1)(c).

7.32   Defendant did not have a system in place to ensure that Plaintiffs received breaks. The nature of Plaintiffs' duties did not allow them to take intermittent breaks. Plaintiffs were never paid for missed breaks because there was no system in place that allowed them to record missed breaks in violation of RCW 49.12.480(2).

7.33   Washington State has promulgated regulations regarding meal periods and rest breaks for employees. WAC 296-126-092(1)-(2) provides that, "Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift" and "[n]o employee shall be required to work more than five consecutive hours without a meal period." Plaintiffs were denied uninterrupted meal and rest breaks during their scheduled shifts. Plaintiffs regularly missed breaks without compensation due to Compass Health's failure to ensure they could take breaks and record missed breaks.

7.34   Defendant failed to affirmatively promote meaningful break time. Compass Health's workplace culture encouraged employees to skip breaks, which deprived Plaintiffs of the benefit of a rest break on Defendants' time. As a result, Defendant willfully violated RCW 49.12 and WAC 296-126-092 and is subject to a penalty under RCW 49.52.050.

7.35   As a result of these unlawful acts, Plaintiffs have suffered damages. Plaintiffs are entitled to the recovery of such damages and/or double damages under RCW 49.52.070, including interest thereon, as well as attorneys' fees and costs.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs requests relief against Defendants as follows:

8.1   Trial to a jury;

COMPLAINT - 11

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

pi088901

8.2     A declaration that the Defendant violated Plaintiffs' rights under the Fair Labor Standards Act; Washington wage statutes, RCW 49.46, and 49.52; and the Washington Consumer Protection Act;

8.3     Actual Damages;

8.4     Liquidated damages under the Fair Labor Standards Act;

8.5     Double damages under RCW 49.52.050(1)-(2) and RCW 49.52.070;

8.6     Treble damages under RCW 49.86.090;

8.7     Pre-judgment and post-judgment interest on any amounts awarded;

8.8     Attorneys' fees and costs pursuant to RCW 49.46.090, 49.52.050, RCW 49.86.090 and other applicable law;

8.9     Other declaratory and injunctive relief as the Court deems just and equitable; and

8.10    The right to conform the pleadings to the evidence presented.

Respectfully submitted,

DATED this 12th day of September, 2022.

**MacDONALD HOAGUE & BAYLESS**

By: /s/ Jeffrey L. Taren
Jeffrey L. Taren, WSBA # 50275
JeffreyT@mhb.com
705 Second Avenue, Suite 1500
Seattle, WA 98104
Phone: (206) 622-1604
*Attorneys for Plaintiff*

**MacDONALD HOAGUE & BAYLESS**

By: /s/ Lauren I. Freidenberg
Lauren I. Freidenberg, WSBA # 59145
LaurenF@mhb.com 705 Second Avenue, Suite 1500
Seattle, WA 98104
Phone: (206) 622-1604
*Attorneys for Plaintiff*

COMPLAINT - 12

pi088901

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961